# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHARA LOGAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY DERSTINE, et al,<br><br>Defendants. | Civil Action No.: 18-cv-05333-GAM |

## ORDER

**AND NOW**, this _____ day of December, 2020, upon consideration of the Joint Motion to Approve Settlement Agreement, it is hereby **ORDERED** and **DECREED** that said Settlement Agreement and General Release is hereby **APPROVED** by the Court and this matter is dismissed pursuant to Local Rule 41.1 B.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHARA LOGAN, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| KIMBERLY DERSTINE, et al, | ) ) ) |
| Defendants. | ) |

Civil Action No.: 18-cv-05333-GAM

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Pursuant to a joint conference call with the Court on July 8, 2020, Plaintiffs Sahara Logan, Brittany Pitts, and Olivia D. Cottman and Defendants Kimberly Derstine and Brandevjor, Inc., by and through their respective counsel, jointly move this Honorable Court to approve a Settlement Agreement and General Release reached between the parties. In support, the parties aver as follows:

1.  On December 10, 2018 Plaintiff Sahara Logan filed a Complaint in the United States District Court for the Eastern District of Pennsylvania, alleging that Defendants Kimberly Derstine and Brandevjor, Inc (collectively, "Defendants") violated the Fair Labor Standards Act of 1938 29 U.S.C. §201 et. seq. (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 42 P.S. §333.101, et. seq., the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1, et. seq., and the Pennsylvania common law. (See ECF. No. 1).

2.  In the Complaint, Logan avers that she was improperly classified as an independent contractor, rather than an employee; Defendants failed to pay Logan minimum wage, mandatory overtime pay and other employment benefits which would have been payable if

Logan was an employee; and that Defendants improperly collected a portion of the tips Logan received from customers.

3. On May 31, 2019, Defendants filed an Answer and Affirmative Defenses (see ECF No. 18) in which Defendants deny the allegations raised by Logan; deny that they are liable to Logan for alleged violations of the FLSA, PMWA, and WPCL; and deny that they ow Logan any damages.

4. On August 6, 2019, this Court held a Fed. R. Civ. P. 16 scheduling conference at which the parties requested that the case be referred to a settlement conference.

5. Prior to the settlement conference, the parties exchanged substantial discovery as part of their required disclosures under Fed. R. Civ. P. 26.

6. On July 8, 2020, with the continued assistance of U.S.M.J. Lloret and this Court, the parties reached a settlement subject to approval of this Court. The settlement terms are outlined in a Settlement Agreement and General Release ("Settlement Agreement") attached as Exhibit "A."

7. On November 13, 2020, as a condition precedent to the Settlement Agreement, Logan filed an Amended Complaint joining Brittany Pitts and Olivia D. Cottman as named Plaintiffs (collectively "Plaintiffs") and dismissing class and collective claims under the FLSA, PMWA, WPCL, and Pennsylvania common law.(See ECF No. 42)

8. The parties' Settlement Agreement[1] settles all claims and matters related to the wage issues raised by Plaintiffs in their Amended Complaint fully and forever and would do nothing to harm the rights of any other potential litigants.

---

[1] All parties have agreed to the terms of the attached Settlement Agreement and are exchanging executing signatures. Given, the need to request and hopefully gain Court approval quickly, the parties filed this motion today so as to expedite the process.

9. As certain claims of Plaintiffs arise under the FLSA, judicial approval is required pursuant to 29 U.S.C. §216(b).

10. When Plaintiffs bring a private action under the FLSA, and present to a District Court a proposed settlement, pursuant to §216(b) of the FLSA, a District Court may determine that the compromise reached is a "fair and reasonable resolution of a bona fide dispute over the FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1354 (11th Cir. 1982). District Courts in the Third Circuit typically look to the considerations set forth in Lynn's Food when deciding whether to approve a FLSA settlement. Altenbach v. Lube Center, Inc., 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013).[2]

11. A dispute is "bona fide" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," Lignore v. Hosp. of Univ. of Pa., 2007 U.S. Dist. LEXIS 32169, 2007 WL 1300733, at *3 (E.D. Pa. 2007), quoting, Morris v. Penn Mut. Life Ins. Co., 1989 U.S. Dist. LEXIS 1690, 1989 WL 14063, at *4 (E.D. Pa. 1989), and when a settlement "reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights brought about by an employer's overreaching," Brumley v. Camin Cargo Control, Inc., 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2, quoting, Lynn's Food, 679 F.2d at 1354. Here, the dispute at issue is factual, and includes whether Plaintiffs' relationship meets the factual criteria of an employee or contractor; the number of overtime hours worked by Plaintiffs; and damages incurred by Plaintiffs. Settlement was only reached after the production and review of voluminous documents and extensive settlement negotiations through counsel.

---

[2] The vast majority of reported decisions concerning court approval of FLSA settlements are collective actions, not individual cases, however the consideration addressed in *Lynn's Foods* and elsewhere are detailed herein.

12. In assessing the fairness and reasonableness of an agreement settling a FLSA collective action, district courts in this Circuit have applied the factors set forth in <u>Girsh v. Jepson</u>, 521 F.2d 153 (3d Cir. 1975), for approving class action settlements under Rule 23 of the Federal Rules of Civil Procedure. <u>Altenbach v. v. Lube Ctr., Inc.</u>, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *2. The <u>Girsh</u> factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. <u>Girsh</u>, 521 F.2d at 157. Here, some of the <u>Girsh</u> factors do not apply to this case, which is no longer a collective action, however, the factors that do apply favor approval of the settlement.

13. As to the complexity, expense, and likely duration of litigation, the parties were able to resolve the matter before proceeding with depositions, retention of experts, and cross-Motions for Summary Judgment, all of which would prolong the litigation and add considerable expense.

14. In considering the stage of the proceedings and amount of discovery completed, the parties have exchanged voluminous records and had the opportunity to understand the strengths and weaknesses of their case.

15. In terms of the risks of establishing liability, Defendants have set forth defenses which are subject to interpretation and ultimately if not settled, the case may have to be decided by either dispositive motions or a jury as a fact finder. Consequently, Plaintiffs would incur substantial risk in proceeding with a jury trial and a possible appeal of an unfavorable outcome.

16. In terms of the risks of establishing damages, given that liability is contested, Plaintiffs run a risk of not being able to establish and collect damages and evaluation of the hours worked work require a detailed accounting of thousands of pages of daily attendance records and interpretation and extrapolation of the same.

17. In considering Defendants' ability to withstand a greater judgment, if found liable, Defendants would be obligated to compensate Plaintiffs for the amount of overtime pay that they owe based on the hours worked. Defendants were suffering serious economic hardships even prior to the global pandemic caused by the COVID-19 coronavirus. As a result of the pandemic, Defendants have ceased business operations indefinitely.

18. Given the uncertainty of the outcome, indeed, the near certainty that Defendants would be able to pay any Judgment larger than the individual settlement reached today, and the possibility that Plaintiffs could lose all claims, given the facts, Plaintiffs is receiving a respectable recovery within the range of reasonableness in light of best possible recovery.

19. The range of reasonableness of settlement fund in light of all attendant risks of litigation weighs in favor of approval for all the reasons discussed above. Plaintiff have filed a claim where the prospects of victory at a jury trial and on appeal remained unclear, and still managed to settle at a reasonable sum.

20.     R. Bruce Carlson, Esquire, Edward W. Ciolko, Esquire, Elizabeth Pollock-Avery, Esquire, and Matthew D. Brady, Esquire of Carlson Lynch, LLP have represented Plaintiffs in this action.  Carlson Lynch, LLP has litigated dozens of FLSA cases across the country, including several cases involving dancers at gentlemen's clubs.

21.     The attorneys' fees incurred by Plaintiffs and the costs advanced are being paid from the total gross recovery pursuant to contingency fee agreement between Plaintiffs and their legal counsel, in which there would be no attorney fee awards or reimbursement of costs if Plaintiffs did not make a recovery.

22.     The parties respectfully request that this Honorable Court approve the settlement and enter an Order in the form of the Order attached hereto.

WHEREFORE, Plaintiffs Sahara Logan, Brittany Pitts and Olivia D. Cottman and Defendants, Kimberly Derstine and Brandevjor, Inc., respectfully move this Honorable Court to approve their Settlement Agreement and General Releases as a fair and reasonable resolution of bona fide disputes under Fair Labor Standards Act of 1938, 29 U.S.C. §201; and to enter an Order approving the Settlement Agreement and General Releases, in the form of the Order attached hereto.

Respectfully Submitted,

| **CLARK HILL, PLC** | **CARLSON LYNCH, LLP** |
|---|---|
| BY: /s/ Stephanie K. Rawitt | BY: /s/ Edward W. Ciolko |
| Stephanie K. Rawitt<br>Attorney ID No. 76892<br>srawitt@clarkhill.com<br>J. Patrick Griffin<br>Attorney ID No. 324224<br>pgriffin@clarkhill.com | Edward W. Ciolko<br>eciolko@carlsonlynch.com<br>R. Bruce Carlson<br>bcarlson@carlsonlynch.com<br>Elizabeth Pollock-Avery<br>eavery@carlsonlynch.com |

<div style="display: flex;">

2001 Market Street, Suite 2620  
Philadelphia, PA 19103  
Phone: (215) 640-8500  
Fax: (215) 640-8501  

Attorneys for Defendants Kimberly Derstine
and Brandevjor, Inc.

Matthew D. Brady  
mbrady@carlsonlynch.com  
1133 Penn Ave. 5th Floor  
Pittsburgh, PA 15222  
Phone: (412) 322-9243  

Attorneys for Plaintiffs

</div>

DATED: December 1, 2020